```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DIAN DAVIS,

                        Plaintiff,              06-CV-6540T

            v.                                  DECISION
                                                and ORDER
LARRY G. MASSANARI, Acting Commissioner
of Social Security

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff Dian Davis ("Davis") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (Codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security improperly denied her application for disability benefits.[1]  Specifically, Davis alleges that the decision of an Administrative Law Judge ("ALJ") who heard her case was erroneous because it was not supported by the substantial evidence contained in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law.  Davis opposes the defendant's motion.

---

[1] This case (formerly civil case 01-CV-0484(A)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated October 26, 2006.

BACKGROUND

On September 10, 1996, plaintiff Dian Davis, a 54 year old former bank teller, applied for Social Security disability benefits claiming that she had become unable to work as of February 7, 1996, because of several disabling conditions including an injury to her back suffered when she fell from a stool at work; a heart condition; and arthritis. Davis was denied benefits on January 15, 1997, and thereafter requested reconsideration which was denied on March 12, 1997. Plaintiff requested an administrative hearing which was held on December 16, 1997, at which hearing plaintiff was represented by an attorney. Thereafter, on June 22, 1998, the ALJ held a supplemental hearing at which plaintiff appeared, again represented by her attorney.

On the basis of the hearings and the medical record, the ALJ found that although Davis suffered from a number of medical conditions, she did not have a disability as defined by 42 U.S.C. § 423(d) or 20 C.F.R. 404.1501 et seq. (1994) (listing specific impairments that constitute a disability under the Social Security Act), nor did she suffer from any condition or combination of conditions that were equivalent or more severe than any of the listed impairments that constitute a disability. Thereafter, Davis's appeal of the ALJ's decision to the Social Security Appeals Board was denied, and on July 6, 2001, plaintiff filed this action.

DISCUSSION

I. <u>Jurisdiction and Scope of Review</u>

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Consolidated Edison Co. v NLRB</u>, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. <u>See</u>, <u>Mongeur v. Heckler</u>, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo).  The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached."  <u>Lynn v. Schweiker</u>, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the

pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. <u>See</u>, <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

> II. <u>The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence on the record.</u>

The ALJ made the determination based on the evidence before her that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered from arthritis, certain pulmonary conditions, cervical, shoulder and knee strains, lumbosacral strain, and osteopenia, none of these conditions, either individually or combined, constituted an impairment or impairments under 20 C.F.R. 404.1501 et seq. (Transcript of Administrative Proceedings at p. 46-47) (hereinafter "T."). The ALJ took into account plaintiff's subjective complaints of pain, as well as the opinions of treating and consulting physicans who

opined that plaintiff was not disabled, and found that she could perform her previous work as a bank teller, which is classified as "sedentary" work, under the Social Security Regulations. (T. at p. 47). The ALJ found that Davis had the residual functional capacity to perform the physical exertion requirements of work except for lifting/carrying more than 20 pounds, and lifting or carrying more than 10 pounds occasionally (T. at p. 47) . The ALJ found that Davis could not sit stand or walk continuously, but instead needed to alternate positions during the work day. (T. at p. 47). Finally, the ALJ determined that plaintiff was not capable of pushing or pulling more than 20 pounds, and could not engage in repetitive bending, climbing, twisting, stooping, kneeling or crouching, (T. at p. 47). Based on these functional limitations, the ALJ determined that Davis was capable of returning to her employment as a bank teller. These are the relevant findings which this court must examine for purposes of determining whether or not the ALJ's decision is supported by the substantial evidence contained in the record.

I find that the substantial evidence in the record supports the ALJ's finding that plaintiff does not suffer from a disability. Not one of the several doctors who examined Davis concluded that she was permanently disabled. While plaintiff's treating physician did indicate that plaintiff was completely disabled for a one-month period following her accident, he never opined that plaintiff was <u>permanently</u> disabled. While the plaintiff disagrees with her physicians' opinions and contends that she is in fact disabled, she

has failed to establish that the evidence in the record does not support the ALJ's determination.  Moreover, the ALJ engaged in an extremely thorough review of the copious medical evidence in this case, and afforded plaintiff the opportunity to present further evidence in a supplemental hearing.  Indeed, even in light of video surveillance evidence generated in connection with a worker's compensation proceeding which purported to show the plaintiff ambulating and maneuvering comfortably, and contrary to her stated limitations, the ALJ conducted a complete and thorough review of all available evidence, and issued a comprehensive ruling addressing each issue raised by the plaintiff.  I find the ALJ's opinion to be thorough, well researched, well reasoned, and supported by the substantial evidence contained in the record.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings, and dismiss plaintiff's complaint with prejudice.


ALL OF THE ABOVE IS SO ORDERED.


S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         November 2, 2006